## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| THE BOARD OF WATER AND SEWER COMMISSIONERS OF THE CITY OF MOBILE, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION 08-0718-WS-C |
| THE ALABAMA DEPARTMENT OF TRANSPORTATION, et al., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on the motion to remand filed by plaintiff Mobile Baykeeper, Inc. ("Baykeeper").  (Doc. 7).  The defendants have filed briefs in opposition, (Docs. 9, 10), and Baykeeper elected not to reply.  (Doc. 8).

Defendant Alabama Department of Transportation ("ALDOT"), the only defendant to Baykeeper's complaint in intervention, removed on the basis of federal question.  In its two-page motion,[1] Baykeeper argues that remand is required because the defendants removed on the basis of a complaint that had been superseded before removal. In fact, however, removal was accomplished based on the superseding complaint.  (Doc. 1 at 137-66).

The original, superseded complaint repeatedly accuses ALDOT of violating the

---

[1]Baykeeper invites the Court to review a motion to remand and supporting brief filed by co-plaintiff Mobile Area Water and Sewer Service ("MAWSS") on a previous removal (before Baykeeper's intervention) to another judge of this district.  (Doc. 7 at 3). It is Baykeeper's responsibility to present its arguments to the Court; it is not the Court's responsibility to go in search of them.  At any rate, MAWSS' complaint, unlike Baykeeper's, expressly asserted state-law claims of negligence, wantonness, trespass, nuisance, breach of contract, and violation of specific state statutory duties.  (Doc. 1 at 7-19).

Clean Water Act ("the Act").  (Doc. 10, Exhibit D, ¶¶ 19-22).  Elsewhere, ALDOT's conduct is alleged to "constitute violation of the laws of the United States of America," (*id*., ¶ 26), and the complaint seeks a declaration that ALDOT is in violation of the Act, along with a civil penalty of $25,000 a day under the Act and costs and attorney's fees under the Act.  (*Id*. at 14-15, ¶¶ A, H, I).

The superseding complaint substitutes the phrases "the law" and "applicable laws" for explicit references to the Act.  (Doc. 1 at 152-53).  The previously sought declaration that ALDOT is in violation of the Act becomes a request for a declaration that ALDOT is in "violation of the laws of the State of Alabama."  (*Id*. at 153).  The request for $25,000-a-day penalties plus attorney's fees remains, with the authority for the request omitted.

It is Baykeeper's contention that it has converted a case with an unquestionable federal cause of action into one containing only state claims.  Had its excision been more complete, it might be correct.  However, the superseding complaint still alleges that Baykeeper "is seeking injunctive relief requiring ALDOT to cease violation of the Clean Water Act," (Doc. 1 at 142), and Baykeeper does not deny that an injunction to stop violating the Act can be sought only under the Act.

Moreover, the superseding complaint incorporates by reference a letter to ALDOT by its terms intended to constitute Baykeeper's compliance with 33 U.S.C. § 1365(b), which required Baykeeper to give ALDOT 60 days written notice of alleged violations of the Act before suing under the Act.  (Doc. 1 at 157-60).  The letter is incorporated by reference explicitly for the purpose of satisfying the jurisdictional and venue requirements for the action.  (*Id*. at 142).  Attaching the letter, especially at this position in the complaint, is nonsensical other than to support a claim for violation of the Act, in particular, to establish that statutory prerequisites to suit under the Act have been satisfied.

Finally, the superseding complaint alleges that ALDOT's discharges of sediment into the waters of the United States violate "applicable laws."  (Doc. 1 at 153).  The only

laws mentioned in the superseding complaint are the Act and the Alabama Water Pollution Control Act. (*Id*. at 142). The applicable "laws" (plural) must therefore include the Act.

"[T]he plaintiff is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." *Hill v. BellSouth Telecommunications, Inc*., 364 F.3d 1308, 1314 (11th Cir. 2004) (internal quotes omitted). The opposite is of course also true. Where, as here, a plaintiff has asserted a federal claim, even if by accident, the defendant may remove.   The motion to remand is **denied**.


DONE and ORDERED this 3rd day of March, 2009.


s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE