IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| THE BOARD OF WATER AND SEWER COMMISSIONERS OF THE CITY OF MOBILE, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION 08-0718-WS-C |
| THE ALABAMA DEPARTMENT OF TRANSPORTATION, et al., | ) ) ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on the motion of defendant Alabama Department of Transportation ("ALDOT") to dismiss the complaint in intervention filed by Mobile Baykeeper, Inc. ("Baykeeper"). (Doc. 5). Baykeeper declined the opportunity to respond. (Doc. 14).

This action was originally filed in state court by the Board of Water and Sewer Commissioners of the City of Mobile ("MAWSS"). It was removed by the defendants based on federal question jurisdiction. Baykeeper in its motion to remand argued that its amended complaint, which was the governing pleading at the time of removal, had eliminated all federal causes of action asserted in its original complaint. (Doc. 7). The Court disagreed, concluding that the amended complaint continues to allege a cause of action under the Clean Water Act ("CWA"). (Doc. 13). The amended complaint also asserts a cause of action under the Alabama Water Pollution Control Act ("AWPCA").

ALDOT raises a number of grounds in support of its motion to dismiss, but one is dispositive. The Court turns its focus to ALDOT's invocation of Eleventh Amendment immunity.

States are immune from suit in federal court by virtue of the Eleventh Amendment.

This immunity extends as well to entities having a sufficiently close connection to the state that a suit against the entity is effectively one against the state itself. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984).

Whether an entity other than the state itself partakes of the state's Eleventh Amendment immunity depends on whether it is an "arm of the state." *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 280 (1977). "Whether [ALDOT] is an arm of the state protected by the Eleventh Amendment turns on its function and character as determined by state law. ... Factors that bear on this determination include the definition of 'state' and 'political subdivision,' the state's degree of control over the entity, and the fiscal autonomy of the entity." *Fouche v. Jekyll Island - State Park Authority*, 713 F.2d 1518, 1520 (11th Cir. 1983). A fourth factor, sometimes subsumed within the "fiscal autonomy" factor, is "who is responsible for judgments against the entity." *Tuveson v. Florida Governor's Council on Indian Affairs, Inc.,* 734 F.2d 730, 732 (11th Cir. 1984).[1] Although ALDOT has not applied this factor analysis, the Court is satisfied that it is entitled to Eleventh Amendment immunity. *See Powers v. CSX Transportation, Inc.*, 105 F. Supp. 2d 1295, 1299-1301 (S.D. Ala. 2000) (applying the factor analysis to ALDOT and determining that it is an arm of the state and thus protected by the Eleventh Amendment).

Eleventh Amendment immunity may in appropriate cases be abrogated by Congress if it unequivocally expresses an intent to do so. *E.g., Tennessee v. Lane*, 541 U.S. 509, 517 (2004). The Clean Water Act, however, does not do so. Instead, it authorizes citizen suits only against "any ... governmental instrumentality or agency [other than the United States] to the extent permitted by the eleventh amendment to the Constitution." 33 U.S.C. § 1365(a)(1). This language leaves Eleventh Amendment

---

[1] The Eleventh Circuit continues to utilize this analysis. *E.g., Rosario v. American Corrective Counseling Services, Inc*., 506 F.3d 1039, 1043 (11th Cir. 2007); *Williams v. District Board of Trustees*, 421 F.3d 1190, 1192 (11th Cir. 2005); *Manders v. Lee*, 338 F.3d 1304, 1309 (11th Cir. 2003).

immunity intact.  *E.g., Burnette v. Carothers*, 192 F.3d 52, 57 (2nd Cir. 1999).

Eleventh Amendment immunity may also be lost by consent or waiver.  *E.g., Raygor v. Regents of University of Minnesota*, 534 U.S. 533, 547 (2002).  Baykeeper, which has not responded to the motion to dismiss, has identified no basis for finding either, and the Court will not construct arguments on its behalf.

The Court notes that Baykeeper's complaint in intervention seeks declaratory and injunctive relief.  The Eleventh Amendment, however, bars equitable relief against the state just as surely as it bars monetary relief.  *Pennhurst*, 465 U.S. at 120 ("[I]f a § 1983 action alleging a constitutional claim is brought directly against a State, the Eleventh Amendment bars a federal court from granting *any* relief on that claim.") (emphasis added); *id*. at 100-01 ("This jurisdictional bar applies regardless of the nature of the relief sought," including "demands for the enforcement of equitable rights and the prosecution of equitable remedies") (internal quotes omitted).

The Eleventh Amendment bars suits against the state in federal court based on state law as well as federal.  *E.g., Maynard v. Board of Regents*, 342 F.3d 1281, 1287 (11th Cir. 2003); *DeKalb County School District v. Schrenko*, 109 F.3d 680, 688 (11th Cir. 1997).  Thus, the Eleventh Amendment bars Baykeeper's suit under the AWPCA as fully as it does the CWA claim.

Section 1365(a) may leave available a suit against public officials under *Ex parte Young*.  *National Resources Defense Council v. California Department of Transportation*, 96 F.3d 420, 424 (9th Cir. 1996).  Baykeeper, however, sued only ALDOT, so this possibility is not in play.[2]

For the reasons set forth above, ALDOT's motion to dismiss is **granted**.

---

[2] As a precautionary measure, ALDOT brought its motion to dismiss on behalf of its two employees who are defendants under the main action filed by MAWSS.  This was unnecessary, as the complaint in intervention explicitly limits the defendant thereunder to ALDOT.  (Doc. 1 at 141).

Baykeeper's complaint in intervention is **dismissed**, without leave to amend.[3]

DONE and ORDERED this 3rd day of June, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[3] "A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Industries America Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc). Any other rule would reward with automatically successful appeals those litigants who choose to sit back and do nothing until after their case is dismissed, while unduly taxing the appellate system. *Id*. at 543-44.