IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THE BOARD OF WATER AND SEWER COMMISSIONERS OF THE CITY OF MOBILE, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>)<br>) |
| v. | ) CIVIL ACTION 08-0718-WS-N<br>) |
| THE ALABAMA DEPARTMENT OF TRANSPORTATION, et al., | )<br>)<br>) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the motion of plaintiff Mobile Baykeeper, Inc. ("Baykeeper") to reconsider. (Doc. 25). The motion seeks reconsideration of the Court's order granting the motion of defendant Alabama Department of Transportation ("ALDOT") to dismiss Baykeeper's complaint in intervention. (Doc. 23). ALDOT opposes the motion. (Doc. 30).

The grant or denial of a motion to reconsider is left to the discretion of the trial court. *Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (en banc); *accord Sabatier v. Sun Trust Bank*, 301 Fed. Appx. 913, 914 (11th Cir. 2008). Such a motion may not be used as a vehicle to inject new arguments into the underlying motion, or to submit evidence previously available but not properly presented on the underlying motion. *Mays v. United States Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997). Instead, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Gibson v. Mattox*, 511 F. Supp. 2d 1182,

1185 (S.D. Ala. 2007) (internal quotes omitted).[1]

Baykeeper does not acknowledge the limited scope of a motion to reconsider.  Nor does its motion implicate any of the narrow grounds that must be present to justify reconsideration.

Baykeeper filed no opposition to the motion to dismiss.  In granting the motion to dismiss, the Court did not rely on Baykeeper's failure to oppose it but on the merits of ALDOT's Eleventh Amendment argument.  (Doc. 23).  On motion to reconsider, Baykeeper asserts that it believed it was not required to respond to the motion to dismiss, and it requests leave to do so now.  (Doc. 25 at 2; Doc. 31 at 1).  The only ground for reconsideration potentially implicated by this argument is that of correcting manifest injustice.  As discussed below, Baykeeper could not reasonably have believed it was not required to respond to the motion to dismiss, and its loss of a motion it failed to oppose did not result in manifest injustice.

The motion to dismiss was filed on December 23, 2008.  (Doc. 5).  Baykeeper filed a motion to remand the same day.  (Doc. 7).  Because the latter motion implicated the Court's subject matter jurisdiction — absent which the Court could not consider the motion to dismiss — the Court notified the parties it would not consider the motion to dismiss until after ruling on the motion to remand.  "Should the motion to remand be denied, the Court will establish a briefing schedule on the motion to dismiss."  (Doc. 8 at

---

[1] While *Mays* involved a post-judgment motion under Rule 59(e), courts within this Circuit have often applied its holding to pre-judgment motions to reconsider. *E.g., Busby v. JRHBW Realty, Inc.*, 2009 WL 1181902 at *2 (N.D. Ala. 2009); *Controlled Semiconductor, Inc. v. Control Systemation, Inc.*, 2008 WL 4459085 at *2 (M.D. Fla. 2008); *Eslava v. Gulf Telephone Co.*, 2007 WL 1958863 at *1 (S.D. Ala. 2007); *Summit Medical Center, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003). This is only sensible, since allowing parties to withhold arguments and evidence until after losing is equally destructive of judicial economy and fairness in either context. *E.g., Gibson*, 511 F. Supp. 2d at 1185 (even pre-judgment, "in the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy that is employed sparingly").

1 n.1).

On March 3, 2009, the Court denied Baykeeper's motion to remand.  (Doc. 13).  On the same day, the Court entered a briefing schedule on the motion to dismiss, requiring Baykeeper's response by March 17 and any reply by March 24.  The Court expressly stated that it would "take the motion to dismiss under submission on March 24, 2009."  (Doc. 14).  As grounds for ignoring this clear command, Baykeeper explains that "the parties filed various Motions to Stay the proceedings pending completion of additional settlement negotiations and/or mediation."  (Doc. 25, ¶ 2).  In fact, the record is clear that briefing on the motion to dismiss was never subject to a stay, and Baykeeper could not reasonably have believed otherwise.

Baykeeper first points to a "joint motion to stay" filed in January 2009.  (Doc. 11).  That motion did seek to "stay this action," but only "pending ruling by the Court on [the] Motion to Remand."  (*Id*. at 1).  The Magistrate Judge granted the motion, but only pending ruling on the motion to remand.  (Doc. 12).  The stay thus expired on March 3.

The Magistrate Judge's order required the parties to file their Rule 26(f) report within 14 days after the Court's ruling on motion to remand.  (Doc. 12).  On March 16, the day before the report was due, the parties filed a "joint motion for extension to file Rule 26(f) report," seeking "an extension of 30 days from the present filing deadline in order to file the Rule 26(f) report."  (Doc. 15).  The Magistrate Judge granted the motion by endorsement. (Doc. 16).  By the explicit terms of the motion, the only deadline extended was that for filing the Rule 26(f) report.

As the new deadline for filing a Rule 26(f) report neared, the parties filed another "joint motion for extension to file Rule 26(f) report," again requesting "an extension of 30 days from the present filing deadline in order to file the Rule 26(f) report."  (Doc. 17).  The Magistrate Judge granted the motion and ordered the parties "to file their Rule 26(f) report not later than May 18, 2009."  (Doc. 18).  Again, the express language of the motion and order extended only to the Rule 26(f) report.

As this latest extension neared expiration, the parties other than Baykeeper filed yet another "joint motion for extension to file Rule 26(f) report." (Doc. 19). The movants pointed out therein that the Court had not ruled on ALDOT"s motion to dismiss, and it attributed the Court's inaction to the parties' ongoing settlement negotiations, (*id*., ¶ 3), not to any perceived stay in the briefing schedule. Baykeeper was served with this motion and so was on notice of its contents, including the parties' appreciation that briefing on the motion to dismiss had not been stayed. The Magistrate Judge denied the motion for extension due to the parties' failure to show any significant progress towards settlement. (Doc. 20).

The parties other than Baykeeper then filed a "renewed motion for continuance of Rule 26(f) proceedings," in which they provided more detail as to their settlement negotiations and "request[ed] a continuance of the Rule 26(f) proceedings for a period of at least thirty days." (Doc. 21). The Magistrate Judge granted the motion by endorsement. (Doc. 22). Again, the scope of the motion and resulting order is expressly limited to the Rule 26(f) report.

In short, there has never been the slightest ambiguity as to whether briefing on the motion to dismiss was suspended, and Baykeeper could not reasonably have believed that it had been. That the error was that of counsel rather than client is of no moment, because "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 396 (1993) (attorney's failure to file timely proof of claim); *see also Advanced Estimating System, Inc. v. Riney*, 130 F.3d 996, 999 (11th Cir. 1997) ("[I]t [is] established in this circuit that attorney error based on a misunderstanding of the law [is] an insufficient basis for excusing failure to comply with a deadline.").

Even when a party files its opposition to a motion prior to a ruling on the motion, a court has discretion not to consider the filing if it was submitted after the deadline for doing so had passed. *E.g., Young v. City of Palm Bay*, 358 F.3d 859, 864 (11th Cir. 2004)

(tardy opposition to motion for summary judgment); *accord Mosley v. MeriStar Management Co.*, 137 Fed. Appx. 248, 250 (11th Cir. 2005) ("The district court's refusal to consider an untimely opposition to [a] summary judgment motion is not an abuse of discretion."). This is but a particular application of the more general principle that, "in order to ensure the orderly administration of justice, [a trial court] has the authority and responsibility to set and enforce reasonable deadlines," *Lowe's Home Centers, Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002), which the Eleventh Circuit has repeatedly employed in upholding trial courts' enforcement of deadlines. *E.g., School Board of Collier County v. K.C.*, 285 F.3d 977, 981-82 (11th Cir. 2002) (untimely expert testimony); *Enwonwu v. Fulton-DeKalb Hospital Authority*, 286 Fed. Appx. 586, 595 (11th Cir. 2008) (untimely motion for summary judgment); *Edman v. Marano*, 177 Fed. Appx. 884, 886 (11th Cir. 2006) (untimely request for mental examination). Once a court has invested its time in resolving an unopposed motion (especially when, as here, it has done so based on the merits of the motion and not the failure to oppose it), the case for considering post-ruling opposition is further weakened by the countervailing considerations of finality, efficiency and fairness discussed above. It is not manifestly unjust to hold Baykeeper to the consequences of its failure to oppose ALDOT's motion to dismiss.

      Baykeeper identifies no intervening change in controlling law, and it offers no evidence, whether or not previously unavailable. Thus, Baykeeper is reduced to arguing that the Court's ruling was clearly erroneous. As discussed below, it was not.

      Baykeeper notes that it has sued ALDOT in state court and that ALDOT's motion to dismiss in that forum has been denied. (Doc. 25, ¶ 4). The point of this argument is obscure. It certainly does not undermine the correctness of the Court's ruling on motion to dismiss, since the Eleventh Amendment does not apply in state court and since ALDOT did not raise an Eleventh Amendment argument there. (Doc. 25, Exhibit A).

      Baykeeper next asserts that the Eleventh Amendment does not bar its request for

injunctive relief against ALDOT.  (Doc. 27, ¶ 1).  This is precisely the sort of argument that cannot be raised for the first time on motion to reconsider, because it could have been pressed initially.  At any rate, it is incorrect.  As set forth in the Court's order on motion to dismiss, (Doc. 23 at 3), the Supreme Court in *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984), made plain that the Eleventh Amendment "applies regardless of the nature of the relief sought," including "demands for the enforcement of equitable rights and the prosecution of equitable remedies."  *Id*. at 100-01; *see also Alabama v. Pugh*, 438 U.S. 781 (1978) (issuance of a mandatory injunction against the state of Alabama violated the Eleventh Amendment).  These rulings are unsurprising since, by its terms, the Eleventh Amendment bars federal suits against states whether "in law or equity," on its face precluding equitable relief directly against the state.  None of the three cases cited by Baykeeper remotely challenges this well-settled principle.

Finally, Baykeeper "adopts and incorporates herein" its brief filed in opposition to ALDOT's motion to dismiss the state lawsuit.  (Doc. 27, ¶ 2).  That brief does not address the Eleventh Amendment, (Doc. 25, Exhibit B), and so is unresponsive to the grounds of dismissal.

For the reasons set forth above, Baykeeper's motion to reconsider is **denied**.

DONE and ORDERED this 20th day of July, 2009.

                s/ WILLIAM H. STEELE
                UNITED STATES DISTRICT JUDGE