IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THE BOARD OF WATER AND SEWER COMMISSIONERS OF THE CITY OF MOBILE, et al., | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CIVIL ACTION 08-0718-WS-C<br>) |
| THE ALABAMA DEPARTMENT OF TRANSPORTATION, et al., | )<br>)<br>) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the motion of plaintiff Mobile Baykeeper, Inc. ("Baykeeper") for leave to file an amended complaint in intervention. (Doc. 28). The purpose of the amendment is to add a state official as a defendant, so that Baykeeper can pursue certain equitable relief against him under the doctrine of *Ex parte Young*. The motion comes in response to the Court's recent order granting the motion to dismiss filed by the Alabama Department of Transportation ("ALDOT") — the only defendant sued by Baykeeper — on the grounds of Eleventh Amendment immunity. (Doc. 23). ALDOT opposes the motion. (Doc. 30).

The Court dismissed Baykeeper's complaint without leave to amend, relying on *Wagner v. Daewoo Heavy Industries America Corp.*, 314 F.3d 541 (11th Cir. 2002) (en banc). (Doc. 23 at 4 & n.3). The Court did not dismiss the action, since the complaint filed by the Board of Water and Sewer Commissioners survives.

Baykeeper argues that, pursuant to Federal Rule of Civil Procedure 15(a)(1), it is entitled to amend as a matter of right despite the Court's dismissal of its complaint. (Doc. 28 at 2). On the contrary, "we find it appropriate to adopt the rule that after a complaint is dismissed the right to amend under Rule 15(a) terminates ...." *Czeremcha v.*

*International Association of Machinists and Aerospace Workers*, 724 F.2d 1552, 1556 (11th Cir. 1984).

Baykeeper next argues that it should be granted leave to amend pursuant to Rule 15(a)(2). (Doc. 28 at 2). Even following dismissal of the complaint, the liberal policy of amendment under that rule continues, at least if the action has not been dismissed. *Czeremcha*, 724 F.2d at 1556. Under this rule, leave should be given "[i]n the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (internal quotes omitted); *see also Vanderberg v. Donaldson*, 259 F.3d 1321, 1326 (11th Cir. 2001) (the same standard governs motions to amend pursued post-judgment through Rule 59(e)).

ALDOT does not address this standard. Although its brief may hint at undue delay or futility, (Doc. 30 at 4), these suggestions are insufficiently developed to form a basis for denying leave to amend.

ALDOT is left to argue that leave to amend should be denied because the Court's order dismissing the complaint expressly did so without leave to amend. (Doc. 30 at 3-4). That order, being interlocutory, is subject to reconsideration by the Court. *E.g., Todd v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000). Reconsideration is appropriate, inter alia, "to correct clear error or manifest injustice." *Gibson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007) (internal quotes omitted). Moreover, since ALDOT did not request that dismissal be without leave to amend, (Docs. 5, 6), and since Baykeeper consequently was not on clear notice that it risked such a result, a lower threshold for reconsideration should obtain.

"A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, *never* filed a motion to amend nor *requested leave to amend before the district court*." *Wagner*, 314 F.3d at 542

(emphasis added).  Baykeeper did not seek leave to amend prior to the Court's order dismissing its complaint, but it did seek leave to amend three business days afterwards.  The Court concludes that *Wagner* does not clearly supersede *Czeremcha* and like cases in this context.

First, the facts in *Wagner* were that the plaintiff "never sought to amend his complaint in the district court, either before or after the motion to dismiss was granted; instead, he merely appealed the district court's adverse ruling."  *Wagner v. Daewoo Heavy Industries Corp.*, 289 F.3d 1268, 1273 (11th Cir.), *vacated*, 298 F.3d 1228 (11th Cir. 2002).  Because *Wagner* did not involve a plaintiff who sought leave to amend in the district court following dismissal, its holding cannot easily be stretched to cover such a situation.  Second, the evil which the *Wagner* rule was designed to remedy is that of piecemeal appeals and the attendant waste of appellate resources, 314 F.3d at 543, not delayed action in the trial court.  Third, *Wagner* declared that its rule was in accord with that of most sister circuits, and the cases it cited for this proposition appear uniformly to involve litigants who first sought leave to amend in the appellate court.  *Id*. at 543-44.  Fourth, *Wagner* did not address *Czeremcha* or any of the similar cases requiring a district court to employ Rule 15(a)(2) to a post-dismissal motion for leave to amend, and "we would be hesitant to infer that the en banc court ... overruled such well-established law sub silentio."  *Cannon v. Berry*, 727 F.2d 1020, 1022 (11th Cir. 1984).

For these reasons, the Court upon reconsideration removes that portion of its order on motion to dismiss that purported to deny Baykeeper leave to amend.  With that restriction no longer in play, Baykeeper's motion for leave to file an amended complaint is due to be, and is, **granted**.  Baykeeper is **ordered** to file and serve its complete first amended complaint in intervention on or before **July 27, 2009**.[1]

---

[1] Baykeeper's first amended complaint in intervention, (Doc. 29), which was filed without leave of Court, is **stricken**.  The Court notes that this document is only a brief addition to the complaint in intervention rather than a complete pleading.  The Court does not recognize partial pleadings.

DONE and ORDERED this 20th day of July, 2009.

                                                  s/ WILLIAM H. STEELE
                                                  UNITED STATES DISTRICT JUDGE