# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| THE BOARD OF WATER AND SEWER COMMISSIONERS OF THE CITY OF MOBILE, et al., ) ) ) ) Plaintiffs, ) ) v. ) ) THE ALABAMA DEPARTMENT OF ) TRANSPORTATION, et al., ) ) Defendants. ) | CIVIL ACTION 08-0718-WS-C |

## ORDER

This matter is before the Court on the motion of the sole remaining plaintiff for leave to amend and add additional parties. (Doc. 76). Certain defendants have filed a response and the plaintiff a reply, (Docs. 80, 81), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion is due to be granted.

## BACKGROUND

This action sprang out of efforts to construct a new portion of United States Highway 98 through a section of Mobile County. It began with the filing of a state court complaint by plaintiff Board of Water and Sewer Commissioners ("the Board") in November 2007. (Doc. 1 at 7). The defendants named were the Alabama Department of Transportation ("ALDOT"), Duncan Joseph McInnes as the director of ALDOT, and Ronnie Poiroux as ALDOT's division engineer (collectively, "the ALDOT defendants"), W.S. Newell, Inc., and W.S. Newell and Sons, Inc. (collectively, "the Newell defendants"). (*Id*.). The initial complaint alleged seven causes of action against various sets of the defendants: (1) request for injunctive relief requiring the defendants to perform

certain legal duties; (2) request for injunctive relief requiring the defendants to comply with the terms of a settlement agreement; (3) damages for violation of certain state laws and regulations; (4) trespass; (5) nuisance; (6) negligence; and (7) wantonness. (Doc. 1 at 12-17).

In December 2007, the defendants removed the action to federal court on the basis of federal question. (Civil Action No. 07-870, Doc. 1). In January 2008, the parties filed a joint motion to stay all federal proceedings, except for a contemplated motion to remand, because the parties were working towards settlement "and to this point such efforts have been productive." (*Id*., Doc. 13 at 2). The motion was granted by the assigned judge. (*Id*., Doc. 15). In May 2008, with the motion to remand filed and ripe, the parties jointly reported that significant progress towards settlement had been made and that "there remains a reasonable prospect for settlement." (*Id*., Doc. 24 at 3). The parties jointly requested leave "to report within 120 days concerning further progress toward settlement." (*Id*.). In September 2008, the ALDOT defendants reported that, since the May report, "additional and substantial progress has been made toward settlement, such that a resolution of this case now appears likely." (*Id*., Doc. 28 at 2). In November 2008, the assigned judge granted the motion to remand, concluding that federal question jurisdiction did not exist. (*Id*., Doc. 31).

Shortly after remand, Mobile Baykeeper, Inc. ("Baykeeper") sought leave to file a complaint in intervention, which was granted in December 2008. (Doc. 1 at 221). The defendants promptly removed, again on the basis of federal question. (*Id*. at 1-3). In January 2009, the parties jointly moved for a stay of the action pending ruling on Baykeeper's pending motion to remand. (Doc. 11). The Magistrate Judge granted the motion. (Doc. 12). In early March, the Court denied the motion to remand and established a briefing schedule on the ALDOT defendants' motion to dismiss Baykeeper's complaint. (Docs. 13, 14). The parties responded with a series of motions to postpone the parties' Rule 26(f) meeting and report pending ruling on the motion to

dismiss (even though the case brought by the Board would remain pending regardless of any ruling on the motion to dismiss). (Docs. 15, 17, 19, 21). In these motions, the parties repeatedly represented that the delay was justified by their settlement negotiations. In April, they stated that "[s]ettlement negotiations are ongoing, and there is some reasonable expectation of progress in that regard." (Doc. 17). In May, they stated that they had "invested substantial resources toward resolving this case" and that "there remains [sic] relatively few issues to be resolved, although those issues are significant." (Doc. 21 at 2, 3). The Magistrate Judge granted three of these motions, ultimately allowing the parties until June 19 to file their Rule 26(f) report. (Doc. 22).

On June 3, the Court granted the ALDOT defendants' motion to dismiss Baykeeper's complaint in intervention. (Doc. 23). Baykeeper responded with a motion to reconsider and a motion to amend its complaint. (Docs. 25, 28). Despite the Magistrate Judge's warning that he "d[id] not anticipate nor intend to grant any additional continuances for the filing of a Rule 26(f) Report," (Doc. 22), on June 15 the parties moved for yet another extension. (Doc. 32).[1] The ground for the motion was the familiar one that "the parties have fervently been negotiating this matter," had reached agreement in principle on 11 of 15 issues, and were continuing to address the remainder. (*Id*. at 2). The newly assigned Magistrate Judge granted the motion, requiring a Rule 26(f) report by July 20. (Doc. 33).

On July 20, the Court denied Baykeeper's motion to reconsider but granted its motion to amend the complaint. (Docs. 34, 35). The same day, the parties filed their Rule 26(f) report. (Doc. 36). The parties therein jointly requested a December 30 deadline for joining additional parties and amending the pleadings. (*Id*. at 6, ¶ 6). Because the parties requested a conference before entry of a Rule 16(b) scheduling order, (*id*. at 1), entry of the scheduling order was delayed until August 7. (Doc. 41). The

---

[1] The motion was filed by the Board, but "Counsel for all defendants agree with the Board's motion herein." (*Id*., ¶ 8).

Magistrate Judge largely granted the parties' requested deadline, requiring motions for leave to amend or join parties to be filed by January 7, 2010. (*Id*. at 3, ¶ 5).

As of August 2009, none of the defendants had responded to the Board's complaint, even though it had been pending since November 2007, and even though there had been no stay or other impediment to doing so since November 2008. In August 2009, the Newell defendants filed answers, while the ALDOT defendants filed a motion to dismiss. (Docs. 42-44). They would not have done so even then but for a Court order pointing out their longstanding default and assuring entry of default in the absence of a prompt filing. (Doc. 40). The Board responded to the motion to dismiss but also filed an amended complaint. (Doc. 52). The ALDOT defendants then filed a motion to dismiss the amended complaint. (Doc. 59).

Meanwhile, the defendants and Baykeeper moved for an order of mediation, (Doc. 49), with which the Board largely agreed. (Doc. 50). The Magistrate Judge ordered that mediation occur by September 27. (Doc. 54). Although it appears the mediation report required by the District's alternative dispute resolution plan, (*id*., Exhibit 1 at 8), was never filed, it is safe to assume that mediation did not succeed, at least with respect to the Board's claims.[2]

On December 29, the Board moved to amend the scheduling order to allow it an additional 30 days to move to amend the pleadings or add parties. (Doc. 73). The motion represented that the parties "have for some time been engaged in extensive settlement negotiations and appear to be close to a final resolution" and that, while the Board contemplated adding the Federal Highway Administration and other causes of action against the ALDOT defendants, doing so might derail the settlement negotiations. (*Id*. at 2). On December 31, the Board confirmed that it had "conferred with counsel for all defendants and they have no objection to Plaintiff's motion to amend." (Doc. 74). Based

---

[2]On October 16, Baykeeper and the ALDOT defendants filed a stipulation of dismissal with prejudice of Baykeeper's claims, on the grounds of settlement. (Doc. 67).

on the quoted representations, which the ALDOT defendants did not counter, the Magistrate Judge granted the Board's motion and extended the deadline for moving to amend the pleadings or add parties to February 8, 2010. (Doc. 75). The instant motion was filed on February 8.

The proposed second amended complaint adds the United States Department of Transportation, the Federal Highway Administration, and three federal officials as defendants. It also adds claims against the ALDOT defendants and the federal defendants concerning, inter alia, an improper segmentation of the project in order to avoid completing an environmental impact statement, these claims invoking the Administrative Procedures Act ("APA") and the National Environmental Policy Act ("NEPA"). (Doc. 78, Exhibit A). Only the ALDOT defendants oppose the amendment.

**DISCUSSION**

The motion for leave to amend was filed before the deadline provided by the Rule 16(b) scheduling order, as amended. Accordingly, the plaintiffs need not satisfy the "good cause" standard of Rule 16(b). Instead, they need only satisfy Rule 15(a)(2), which provides that "[t]he court should freely give leave when justice so requires." Eleventh Circuit law is clear that leave to amend should be given under this rule "[i]n the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (internal quotes omitted). The ALDOT defendants invoke three of these justifications for denying leave to amend: (1) undue delay (past and future); (2) futility; and (3) prejudice.

In light of the litigation history recited above, the ALDOT defendants' complaint that allowing amendment will delay resolution of the lawsuit is more than slightly ironic.

By the Court's count, the ALDOT defendants have requested that the litigation be delayed on eight separate occasions. It required a staggering 21 months for the ALDOT defendants just to address the Board's complaint, even though the last stay of Rule 81(c)(2) expired nine months before they finally filed a motion to dismiss, and even then it required an order of Court to impel them to act. It is not clear that adding new claims against the ALDOT defendants and the new, federal defendants will delay the scheduled February 2011 trial of this action but, even if it does, any such delay pales in comparison to the mammoth delays in which the ALDOT defendants have been complicit. The ALDOT defendants cite no authority to support the position that the circumstances of this case justify denial of amendment on the grounds that amendment will delay resolution of the action, and the Court will not endeavor to supply the deficiency.

The ALDOT defendants' suggestion that the Board unduly delayed seeking amendment is equally curious. Between January 2008 and June 2009, the ALDOT defendants six times represented to the Court that the parties were seriously negotiating settlement, and they repeatedly insisted that these negotiations justified continued postponements of any progress in the litigation. The negotiations obviously continued after June, because the parties mediated in September. Moreover, in December the Board represented that settlement discussions were ongoing and close to final resolution, and the ALDOT defendants did not challenge this representation. They are now in the awkward position of simultaneously insisting that the existence of settlement negotiations excuses their own nearly two-year delay in addressing the complaint[3] and that those same negotiations do not excuse the plaintiff's delay in amending it. They offer no authority or argument why they should be allowed to have it both ways, and the Court will not concoct a theory on their behalf.[4]

---

[3](Doc. 58 at 3 n.2).

[4]The ALDOT defendants posit that the Board should have brought the claims when it realized they existed, which they assert was September 2008. They again cite no

Futility is established when "the complaint as amended is still subject to dismissal." *Hall v. United Insurance Co.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) (internal quotes omitted). The ALDOT defendants advance three reasons that amendment would be futile as to them. (Doc. 80 at 3-4).[5]

First, they assert generally that the new claims are barred by sovereign immunity. Assuming without deciding that sovereign immunity would otherwise apply, such immunity is subject to exceptions such as abrogation, consent and waiver. Because the ALDOT defendants have not addressed these exceptions, they have not shown that amendment would be futile.

Second, the ALDOT defendants assert that the claims fail to state a claim upon which relief can be granted, because they cannot be sued for violations of the APA and NEPA. As they note, the inquiry is equivalent to that under Rule 12(b)(6). Their one-sentence, two-citation argument (to non-binding authority) is too skeletal to support a Rule 12(b)(6) motion,[6] and it is similarly insufficient to support opposition to amendment on grounds of futility.

Finally, the ALDOT defendants refer vaguely to the judicial estoppel argument raised in their motion to dismiss. There, they note that, in support of its successful motion

---

authority to support their position. When the Eleventh Circuit has noted litigants' prior awareness of their proposed claims as a circumstance to be weighed in determining whether they had exhibited undue delay, it has done so in the context of motions to amend filed long after the deadline established by the Rule 16(b) scheduling order had expired. *E.g., Caruthers v. BSA Advertising, Inc*., 357 F.3d 1213, 1217-18 (11th Cir. 2004); *McGregor v. Autozone, Inc.*, 180 F.3d 1305, 1308-09 (11th Cir. 1999). Those cases do not apply here, since the motion was filed over two months prior to that deadline.

[5]They do not suggest that amendment would be futile as to the new, federal defendants.

[6]*See* Local Rule 7.1(a). This Court denies without prejudice motions to dismiss unaccompanied by a satisfactory brief. *E.g., Frye v. Escambia County Board of Education*, Civil Action No. 08-0340-WS-N, Doc. 27.

to remand, the Board "represents to this Honorable Court that it did not assert any federal causes of action in the Complaint, *and has no intention of pursuing any within the confines of this civil action*." (Doc. 60 at 3 (emphasis added)). Because the trial judge noted the quoted language in her order of remand, the ALDOT defendants assume that the italicized portion "formed the basis of the earlier remand." (*Id*. at 5). They conclude that, because the Board "prevailed during that phase of this case on such representation or stipulation, [it] is judicially estopped to now assert federal claims by way of its Amended Complaint." (*Id*.).

The problem is that the trial judge did not base remand on the italicized language, nor could she have done so. All the trial judge concluded was that "[the] defendants have not met their burden of demonstrating that the express allegations of the complaint *assert a claim* under the Constitution, laws, or treaties of the United States." (Civil Action No. 07-0870, Doc. 31 at 5 (emphasis added)). That is, she concluded only that the complaint *as it existed when she reviewed it* did not raise a federal claim. She did not conclude that the Board would never amend the complaint to asset a federal claim.

Even had she done so, such a conclusion would not be the basis for remand. "The existence of federal jurisdiction is tested at the time of removal. ... Thus, to meet their burden, the defendants must show that the plaintiffs' complaint, *as it existed at the time of removal*, provides an adequate basis for the exercise of federal jurisdiction." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008) (emphasis added); *accord Connecticut State Dental Association v. Anthem Health Plans, Inc*., 591 F.3d 1337, 1351 n.9 (11th Cir. 2009) ("Although Plaintiffs reference their amended complaints in their briefs, we consider the original complaints because removal jurisdiction is determined at the time of removal ...."); *Pintando v. Miami-Dade Housing Authority*, 501 F.3d 1241, 1244 n.2 (11th Cir. 2007) ("[T]he district court must determine whether a federal question exists at the time of removal using the original complaint ...."). Once the trial judge determined that the complaint as it existed at the time of removal did not

support removal jurisdiction, she had no choice but to remand for lack of subject matter jurisdiction; any representations by the plaintiffs concerning what claims they would or would not allege in the future were legally irrelevant and do not support the ALDOT defendant's invocation of judicial estoppel.

The ALDOT defendants' only reference to prejudice is that they would be prejudiced by coupling the existing claims against them "with wholly unrelated claims concerning Environmental Assessments and Findings of No Significant Impact and allegations of segmentation that can only be brought and maintained against the FWHA." (Doc. 80 at 2). As noted above, they have failed to show that the APA and NEPA claims cannot be brought against them. Nor have they shown that the allegations undergirding these claims are unrelated to the allegations of the first amended complaint. On the contrary, similar allegations that the ALDOT defendants improperly segmented the project in order to employ a number of environmental assessments and evade the requirement of a more rigorous environmental impact statement, resulting in a misleading series of findings of no significant impact, appear in the first amended complaint. (Doc. 52, ¶¶ 8, 19).

To the extent the ALDOT defendants suggest they will be prejudiced by a more protracted litigation, "[t]he lengthy nature of litigation, without any other evidence of prejudice to the defendants ..., does not justify denying the plaintiffs the opportunity to amend the complaint." *Florida Evergreen Foliage v. E.I. DuPont de Nemours & Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006) (internal quotes omitted). Here, as in *Loggerhead Turtle v. County Council of Volusia County*, 148 F.3d 1231 (11th Cir. 1998), "[a]s to [prejudice from] possible delay, [the defendant] could not plausibly convince us that it genuinely wanted to go to trial as quickly as possible. On the contrary, it employed extraordinary efforts to obtain continuance orders." *Id*. at 1257.

## CONCLUSION

For the reasons set forth above, the Board's motion for leave to amend and add additional parties is **granted**. The Board is **ordered** to file and serve its second amended complaint on or before **March 15, 2010**. The ALDOT defendants' motions to dismiss the Board's original complaint and first amended complaint, (Docs. 44, 59), are **denied as moot**.

DONE and ORDERED this 9th day of March, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE